IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 09 2025
BY _ARTHUR JOHNSTON_
DEPUTY

UNITED STATES OF AMERICA

v.                                               Criminal No. 2:25 cr 35 KHJ-MTP

DAISHA MONET WILLIAMS                            18 U.S.C. § 922(a)(6)
                                                 18 U.S.C. § 924(a)(1)(A)
                                                 18 U.S.C. § 922(n)

**The Grand Jury charges:**

## COUNT 1

That on or about March 21, 2025, in Covington County in the Eastern Division of the Southern District of Mississippi, the defendant, **DAISHA MONET WILLIAMS**, in connection with the acquisition or attempted acquisition of a firearm from Bullock's Gun and Pawn, LLC, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious written statement to Bullock's Gun and Pawn, LLC, which statement was intended and likely to deceive USA Pawn & Jewelry as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that she was not then under indictment or information in any court for a felony crime for which the judge could imprison her for more than one year when answering Block 21(c). on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact the defendant then knew that she was under indictment for such a crime, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 2

That on or about March 21, 2025, in Covington County in the Eastern Division of the Southern District of Mississippi, the defendant, **DAISHA MONET WILLIAMS**, knowingly

made a false statement and representation to Bullock's Gun and Pawn, LLC, an entity licensed under the provisions of Title 18, United States Code, Chapter 44 with respect to information required by the provisions of Title 18, United States Code, Chapter 44 to be kept in the records of Bullock's Gun and Pawn, LLC, in that the defendant represented that she was not then under indictment or information in any court for a felony crime for which the judge could imprison her for more than one year when answering Block 21(c). on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact the defendant then knew that he was under indictment for such a crime, in violation of Title 18, United States Code, Section 924(a)(1)(A).

COUNT 3

That on or about March 21, 2025, in Covington County in the Eastern Division of the Southern District of Mississippi, the defendant, **DAISHA MONET WILLIAMS**, who was then under indictment for a crime punishable by imprisonment for a term exceeding one year, did willfully receive a firearm that had been shipped and transported in interstate commerce, in violation of Title 18 United States Code, Sections 922(n) and 924(a)(1)(D).

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant, **DAISHA MONET WILLIAMS**, shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of the offenses alleged in this indictment:

        A. **Glock, Model 19, Caliber 7mm Pistol, Serial Number CDZG645; and**

2

**B. Any ammunition seized.**

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461.

J.E. BAXTER KRUGER
United States Attorney

A TRUE BILL:
s/Signature Redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 9th day of December 2025.

UNITED STATES MAGISTRATE JUDGE

3